Dear Mr. Welborn:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. As I understand it, you have asked the following question:
 Would the Clerk of Court's office be in violation of La. R.S. 14:139 by funding an on-going project to restructure its office space within six months of the 1999 gubernatorial election?
For two years, the 19th Judicial District Clerk of Court's office has funded an on-going project to increase the efficiency of its office space, including building training centers, restructuring, moving and erecting modular cubicles and partitions, and purchasing additional furniture and fixtures. Your inquiry asks whether continuing to fund such activity within six months of the 1999 gubernatorial election would constitute a violation of Louisiana law. La. R.S. 14:139 states, in pertinent part:
 Political payroll padding is committed when any public officer or public employee shall, at any time during the six months preceding any election for governor: . . .
 (2) Increase the payroll or other operating expenses of his office, department, board, agency, or institution more than fifteen percent over its average amount of such expenditures for each of the months of the first six months of the twelve months next preceding said election. (Emphasis added)
The key question here is whether the Clerk of Court's renovations fall under the "other operating expenses" provision of this statute, so that the funding provided for the restructuring would be limited to no more than fifteen percent over the average expenditures for each of the first six months of the twelve months preceding the election.
The language of La. R.S. 14:139 is silent on the issue of on-going renovation projects, therefore, absent such express language, one must look to the intent of the legislature in drafting the provision. Such intent is clearly set forth in the official legislative history of Act No. 454 of 1980 (also designated as Senate Bill No. 1001 of 1980), specifically the hearing of the House Committee on Administration of Criminal Justice on the proposed amendments to this legislation. The official minutes of this meeting establish that the "payroll padding" envisioned under the Act is a white collar felony, to be ranked as such alongside ". . . crimes of corrupt influencing, injuring public records, filing false public records, malfeasance in office, public salary deductions, public salary extortion . . .," all of which ". . . strike at the nature of our government." It is absurd to argue that an on-going project to build modular cubicles has such corrupt intentions.
An opinion issued by this office, Attorney General Opinion No. 75-711, further clarifies the legislative purpose of La. R.S.14:139:
 The intent of this statute is to prevent incumbents from hiring, before an election, large numbers of people whose services might be utilized for campaign activities.
This same opinion found that a project by the Sheriff, which had begun four years before the opinion date, was routine, and was not being done solely because it was an election year, therefore the project did not fall within the purview of La. R.S. 14:139. Such is the case here. The renovation project by the Clerk of Court's office was begun two years ago, and is obviously not being done because of the gubernatorial election. Therefore, it seems that the activities in question do not fall within the scope of La. R.S. 14:139.
However, assuming arguendo, that the restructuring by the Clerk's office is subject to the limitation of La. R.S. 14:139, the majority of the activity in this case would not be considered part of "operating expenses." The Legislative Auditor's office has advised that for accounting and auditing purposes, the term "operating expenses" would include furniture, fixtures and other movable items of equipment. However, any remodeling or physical improvements to the office (including the addition or removal of walls, and the movement or erection of modular cubicles) would be considered instead as capital improvements. As such, only the purchase of furniture and equipment would be subject to the 15% limitation as defined by La. R.S. 14:139 — the cost of the restructuring services would be considered capital improvements not subject to La. R.S. 14:139.
It is the opinion of this office that the on-going restructuring project of the 19th Judicial District Clerk of Court's office does not fall under the purview of the payroll padding prohibition of La. R.S. 14:139. Even the harshest possible scenario would subject only furniture, equipment and physical movables to the 15% limitation of La. R.S. 14:139, as the cost of any physical improvements to the office would not be considered "operating expenses," but rather capital improvement expenses. Therefore, the Clerk of Court's office would not be in violation of La. R.S. 14:139 by funding an on-going project to restructure its office space within six months of the 1999 gubernatorial election.
I trust that this opinion has adequately addressed your question. If we may be of further assistance, please do not hesitate to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JAMES L. PIKER Assistant Attorney General
DATE RECEIVED:
DATE RELEASED:
JAMES L. PIKER ASSISTANT ATTORNEY GENERAL